# CHEROKEE FIRE INS. CO. v. INGRAHAM et ux.—
## 250 S. W. (2d) 114

Middle Section.    February 29, 1952.

Petition for Certiorari denied by Supreme Court, June 7, 1952.

612

John D. Mosby, and Frank Farris, Jr., both of Nashville for complainant.

Eugene Jackson, Sr., and Andrew D. Tanner, both of Nashville for defendants.

HOWELL, J. In this case the Cherokee Fire Insurance Company, a corporation, filed the bill against H. E. Ingraham and his wife Sybil L. Ingraham, seeking specific performance of a contract signed by the defendants to sell to complainant a tract of land of about nine acres on the Franklin Road in Williamson County at or near Brentwood, for the sum of $17,500. The defendants filed an answer in which they denied that complainant was entitled to the relief prayed and averred that the agent, Felix W. Truett, who procured their signatures to the paper giving him an exclusive agency to sell the property in question was acting as agent for the complainant, without disclosing such fact to them and without an agreement

that he could act for both parties, and that the agent acted at all times in the interest of the complainant and not on their behalf and that therefore their signatures to the agreement were procured by the agent overreaching the defendants by unfair concealment of material facts and thereby deceiving the defendants. The answer also avers that the property in question was worth from $27,500 to $30,000 and not the amount as represented to them and that this agent was representing the complainants in connection with its purchase of the property and that therefore it was unfair and unconscionable for the agent to undertake to sell the property for so much less than its actual value while purportedly representing them.

The Chancellor found the facts in favor of the complainant and decreed a specific performance of the contract.

The defendants have appealed and filed a number of assignments of error.

Without going into all the details of the transaction or setting out the evidence here, we find that the real estate agent was approached by the Executive Vice President of the complainant company, whose brother is now a partner of the agent Truett in the real estate and insurance business in Franklin, Tennessee, and told him that he was interested in the purchase of the property involved. The agent Truett then got in contact with the defendants and after several conversations with them secured their signatures to a paper referred to as a listing of the property with him for sale at $17,500. The defendants asked more for the property and the agent convinced them that $17,500 was all they could get. He first tried to get them to accept an offer of $16,500 and then the amount was raised to $17,500 and defendants signed the paper listing the property for sale with the agent at $17,500.

The property had not then been offered for sale or advertised by any one at that time and the agent did not advertise or make any effort to sell the property to any one else after he procured it to be listed with him as sole agent.

The agent then procured the complainants' signatures accepting the offer to sell at $17,500, this acceptance being signed by the complainant's corporate name of David K. Wilson, Executive Vice President.

After the defendants learned that the agent Truett was the agent of the complainant company in all matters regarding the trade and spoke for the company, was its regular agent at Franklin, Tennessee, owned 200 shares of common stock in the complainant company and was representing the complainant in purchasing the property at about $10,000 less than its appraised value, they then decided not to close the transaction. The agent Truett did not disclose his connection with the complainant and defendants had no knowledge of it at the time they signed the listing agreement. The property was appraised at about $27,500 by witnesses for the defendants and the complainants offered no proof as to its value.

The complainant company through its Executive Vice President knew that the agent was representing it in buying the property.

We are of the opinion that the learned Chancellor was in error in holding that the agent "gave defendants the benefit of his full knowledge of all matters which might affect the principal at the time the contract was executed." The fact was that the agent Truett represented the complainant in purchasing the property and did not disclose to the defendants his connection with the complainant company.

■ We are therefore of the opinion that the agent Truett did not disclose material facts in connection with the matter, which were unknown to the defendant and that it was his duty to do so in this case. He should have made full disclosure to the defendants of his connection with the complainants and instead of urging the defendants to take less than they wanted for their property, as their sole agent he should have attempted to secure more than the price offered by the complainants.

■ The law is well settled that an agent cannot act adversely to the interests of his principal without full disclosure to the principal of his connection with the transaction.

In the case of McNeill v. Dobson-Bainbridge Realty Co., 184 Tenn., 99, 195 S. W. (2d) 626, 629, the Supreme Court said:

"An agent may with full knowledge of both principals represent the two principals having adverse interests. Siler v. Perkins, 126 Tenn. 380, 391, 149 S. W. 1060, 47 L. R. A., N. S., 232. In this case Morgan did advise Mrs. McNeill that he was investing trust funds and to that extent may fairly be said to have put her upon inquiry. However, 'it is not enough for the agent to put the principal upon inquiry, but must disclose such material facts as are unknown to the principal and as will enable him to form a reasonably correct opinion and conclusion as to his best interest'. Raht v. Union Consol. Mining Co., 73 Tenn. 1, 21, 22.

"It may well be that Mr. Morgan intended no actual fraud. However, that does not alter the situation. The relation of principal and agent is a trust relation, Gibson, Sec. 27; and it was the clear duty of Mr. Morgan to disclose to Mrs. McNeill the very

pertinent fact that he, her agent as seller, was likewise acting as agent for his own mother as buyer. Without so disclosing this fact to his cestui que trust, Mrs. McNeill, he procured from her this conveyance to himself as trustee.''

In connection with this transaction the agent Truett could not in any way act for any one other than the defendants without first making a full and complete disclosure to the defendants.

See Heard v. Miles, 32 Tenn. App. 410, 222 S. W. (2d) 848.

Many other authorities might be cited but we do not deem it necessary here.

We are therefore constrained to the conclusion that the Chancellor was in error in ordering a specific performance of the contract as prayed in the bill. The assignments of error are sustained and the decree of the Chancery Court reversed and the bill dismissed at complainants' cost.

Reversed.

Felts and Hickerson, JJ., concur.